UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| DAVID SPIGNER, | Case No. 2:23-cv-2221 |
| Plaintiff, | |
| vs. | District Judge Edmund A. Sargus, Jr.<br>Magistrate Judge Stephanie K. Bowman |
| DEDE, *et al.*, | |
| Defendants. | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff is an inmate currently at the Southern Ohio Correctional Facility, in Lucasville, Ohio, and a former pretrial detainee at the Franklin County Jail (Jail), in Columbus, Ohio. He brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the following three Deputy Sheriffs at the Jail: "Dede," "Peters," and "Boyd."[1] Plaintiff alleges that defendants subjected him to excessive force and cruel and unusual punishment while he was housed at the Jail. (Doc. 1). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is currently before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

---

[1] "Section 1983 provides a private cause of action for the deprivation, under color of state law, of 'rights . . . secured by the Constitution and laws.'" *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 624 (1979) (Powell, J., concurring).

## Screening of Complaint

### A. Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94

2

(2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B.     Plaintiff's Allegations**

Plaintiff alleges that on October 17, 2021, while he was pretrial detainee at the Jail, defendants Peters and Boyd taunted him as he was waiting to have his property searched in preparation for his transfer to segregation. (Doc. 1, at PageID 2, 6). Plaintiff alleges that when

3

he exited the cell in which he was being held Peters pushed him, exchanged words with him, and then punched him in the face. (*Id*., at PageID 3). Plaintiff asserts that a fight then broke out between him, Peters, and Boyd. (*Id*). According to plaintiff, Dede called for assistance and then struck plaintiff in the face four times with his radio. (Doc. 1, at PageID 4). Plaintiff states that in the course of being struck with the radio he sustained injuries to his right eye, the back of his head, and his left thumb. (*Id*.). Plaintiff was transported to the Grant Medical Center, where he asserts he received a CT Scan, underwent reconstructive surgery, and received stitches to his eye, head, and thumb. (*Id*.). Plaintiff alleges that following his discharge from the hospital he was taken to a local police station where he was asked if he wanted to press charges. Plaintiff alleges that he indicated that he did want to press charges. (*Id.*, at PageID 4-5).

Plaintiff states that when he returned to the Jail, he was housed on the floor where Dede worked. (Doc. 1, at PageID 5). Plaintiff states that "he starved because defendant Dede was serving [his] trays." (*Id*.). Plaintiff further states that Dede and Peters bragged about injuring plaintiff to other inmates and made fun of plaintiff's injuries. (*Id*.). Plaintiff asserts that as a result of the October 17, 2021 incident he suffers from mental and emotional distress, migraines, loss of the ability to use his left hand, and nightmares. (*Id.,* at PageID 6).

For relief, plaintiff seeks monetary and injunctive relief. (*Id.*).

    **C.**    **Analysis of the Complaint**

Liberally construing plaintiff's complaint, *see Erickson*, 551 U.S. 94, the Court understands plaintiff to bring the following three claims: (1) excessive force in violation of the

4

Fourteenth Amendment[2] to the United States Constitution against each defendant based on the alleged October 17, 2021 incident; (2) cruel and unusual punishment in violation of the Fourteenth Amendment against each defendant for taunting and/or making fun of plaintiff before and after the October 17, 2021 incident; and (3) cruel and unusual punishment in violation of the Fourteenth Amendment against defendant Dede relating to the service of plaintiff's meals following the October 17, 2021 incident.  (Doc. 1).

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed for further development at this juncture with his Fourteenth Amendment claim of excessive force against defendants Dede, Peters, and Boyd based on the alleged October 17, 2021 incident.  However, for the reasons below, the remainder of plaintiff's claims are subject to dismissal.

First, to the extent that plaintiff alleges that defendants used derogatory or threatening language to taunt him, such conduct, although unprofessional, fails to state a constitutional violation.  Courts have consistently held that "[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."  *Wingo v. Tennessee Dep't of Corr.,* 499 F. App'x 453, 455 (6th Cir. 2012) (citing *Ivey v. Wilson,* 832 F.2d 950, 955 (6th Cir. 1987)); *see also Chilcott v. Erie Cty. Domestic Relations,* 283 F. App'x 8, 11 (3rd Cir. 2008) (and Sixth, Fifth and Tenth Circuit cases cited therein).[3]

---

[2]"The Fourteenth Amendment applies to conditions-of-confinement claims brought by pretrial detainees." *Bensfield v. Murray*, No. 4:21-cv-P104, 2022 WL 508902, at *2 (W.D. Ky. Feb. 18, 2022) (citing *Brawner v. Scott Cty.*, 14 F.4th 585, 591 (6th Cir. 2021)).

[3]To the extent defendants are employees of Franklin County, they are considered state actors for purposes of § 1983.  *See Schoonover v. Rogers*, No. 1:18-CV-302, 2021 WL 4479354, at *5 (S.D. Ohio Sept. 30, 2021), *aff'd*, No. 21-3970, 2022 WL 12258998 (6th Cir. Oct. 21, 2022).

5

Nor can the Court infer a Fourteenth Amendment violation from plaintiff's vague and conclusory allegation that "he starved because defendant Dede was serving [his] trays." (Doc. 1, at PageID 5). Without additional context, the Court cannot "infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P 8(a)(2)). *See, e.g., Allender v. Minthorn*, No. 2:22-CV-189, 2022 WL 7344967, at *4 (W.D. Mich. Oct. 12, 2022) (finding under the analogous Eighth Amendment that "the deprivation of a few meals for a limited time generally does not rise to the level of [a constitutional] violation.") (citing cases).

Accordingly, in sum, plaintiff may proceed for further development at this juncture with his Fourteenth Amendment claim of excessive force against defendants Dede, Peters, and Boyd based on the alleged October 17, 2021 incident. Plaintiff's remaining claims, however, are subject to dismissal. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## IT IS THEREFORE RECOMMENDED THAT:

The Court **DISMISS with prejudice** plaintiff's claims **with the exception of** his Fourteenth Amendment claim of excessive force against defendants Dede, Peters, and Boyd based on the alleged October 17, 2021 incident. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff may proceed for further development at this juncture with his Fourteenth Amendment claim of excessive force against defendants Dede, Peters, and Boyd based on the alleged October 17, 2021 incident.

2. The **United States Marshal SHALL** serve a copy of the Complaint (Doc. 1),

summons (Doc. 3-3), the separate Order issued granting the plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Dede, Peters, and Boyd, as directed by plaintiff (*see* Docs. 3-3; 3-4).

3. **Plaintiff SHALL** serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

4. **Plaintiff SHALL** inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

## PROCEDURE ON OBJECTIONS:

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex*

7

*Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

January 19, 2024                                                *s/Stephanie K. Bowman*
                                                                                       STEPHANIE K. BOWMAN
                                                                                       United States Magistrate Judge