# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| DAVID SPIGNER, | Case No. 2:23-cv-2221 |
| Plaintiff, | |
| vs. | District Judge Edmund A. Sargus, Jr. |
| | Magistrate Judge Stephanie K. Bowman |
| DEDE, *et al.*, | |
| Defendants. | |

## REPORT AND RECOMMENDATION

On January 19, 2024, the undersigned issued an Order granting plaintiff leave to proceed in forma pauperis in this civil rights action and a separate Order and Report and Recommendation allowing plaintiff to proceed for further development at this juncture with his Fourteenth Amendment claim of excessive force against defendants Dede, Peters, and Boyd but recommending that the remainder of plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted.  (Doc. 6).

On January 30 and March 7, 2024, the Court's Orders and Report and Recommendation were returned to the Court marked, "Inmate Released."  (*See* Doc. 8, at PageID 53; Doc. 9). Plaintiff has failed to keep the Court apprised of his current address.  A pro se litigant has an affirmative duty to diligently pursue the prosecution of his cause of action, *see Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991), as well as a duty to supply the Court with notice of any and all changes in his address.  *See Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (citing *Pena v. Seguros La Commercial, S.A.*, 770 F.2d 811, 815 (9th Cir. 1985)). *See also United States v. $9,171.00 United States Currency*, No. 116CV00483, 2019 WL 2996930, at *1 (S.D. Ind. June 21, 2019), report and recommendation adopted, No.

116CV00483, 2019 WL 2995319 (S.D. Ind. July 9, 2019) ("[E]ven without an effective means of contact, the duty remains on the litigant to monitor the court docket.").

On March 13, 2024, the Court entered a Show Cause Order directing plaintiff show cause in fifteen days why this matter should not be dismissed for want of prosecution. The Order was returned to the Court marked "Inmate Released," and plaintiff has not otherwise responded. The time for a response has now passed.

District courts have the power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). By failing to keep the Court apprised of his current address, plaintiff has failed to diligently pursue the prosecution of this action. Accordingly, plaintiff's case should be **DISMISSED** for want of prosecution.

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for want of prosecution.

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

April 22, 2024 *s/Stephanie K. Bowman*
STEPHANIE K. BOWMAN
UNITED STATES MAGISTRATE JUDGE